IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER K. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1178-JTM |
| ) | |
| CITY OF MAIZE, KANSAS, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Compel Answers to Interrogatory. (Doc. 49.) Plaintiffs have responded in opposition (Doc. 55) and Defendants have replied (Doc. 64). The Court, having carefully reviewed the submissions of the parties, is prepared to rule.

**BACKGROUND**

The background of this case was summarized in the Court's Orders of November 21, 2007 (Doc. 31), and December 19, 2007 (Doc. 43), which are incorporated herein by reference. The latter of these Orders (Doc. 43), specifically dealt with issues relating to Plaintiffs' failure to make the requisite expert disclosures, which resulted in Defendants requesting and receiving an extension

until January 14, 2008, to make their own expert disclosures. Plaintiffs subsequently served their responses to Defendants' second discovery requests on December 14, 2007. (Doc. 42.) Those discovery responses are the basis of Defendants' present motion. (Docs. 49, 50.)

Defendants contend that Plaintiffs' response to Interrogatory No. 2 (regarding expert witnesses) was "cursory" and failing to provided the requested information. (Doc. 50, at 2.) Plaintiffs' memorandum in opposition contained no responsive argument; rather, Plaintiffs simply summarized and restated their response to Interrogatory No. 2. (Doc. 55, at 1.)

Defendants' Interrogatory No. 3 related to Plaintiffs' claim for attorney's fees and was propounded as a result of "apparent and conflicting inaccuracies" contained in the copies of billings for legal fees Plaintiffs previously produced to Defendants. (Doc. 50, at 2.) Plaintiffs' memorandum indicates that they previously produced documents and "highlighted portions believed to coincide with the actions to sell the property known as the Maize Strip Center." (Doc. 55, at 1-2.) While Plaintiffs refer to the deposition transcript of Plaintiff Brown, they fail to address the "inaccuracies" between the testimony and written materials discussed by Defendants.

## DISCUSSION

In the matter presently before the Court, Plaintiffs do not necessarily "resist" the discovery at issue. Plaintiffs did not object to the two interrogatories and make no specific argument that the requests are some how irrelevant. (*See generally* Doc. 55; *see also*, Doc. 50-3, at 10.) Instead, Plaintiffs argue that their responses are sufficient and simply request that the Court find that they "have complied with discovery . . ." (Doc. 55, at 2.) The Court does not agree.

**A.     Interrogatory No. 2: Opinion Testimony**.

Defendants' Interrogatory No. 2 asks Plaintiffs to "identify" each witness expected to offer opinion testimony at trial. (Doc. 50-3, at 10.) Defendants also request "the substance of the facts and opinions as to which he/she is expected to testify, and the basis of all such opinions, including all documents relied upon, and the qualifications that enable the person to give such opinion(s)." (*Id.*)  In response, Plaintiffs identify four individuals – Chris Brown, Tom Steele, Brian Klahr, and Richard Moore.[1] (*Id.*)  As to witness Brown, Plaintiffs state only that he will testify as to "[h]is opinion as to the value of the Maize Strip." (*Id.*)  Witness

---

[1] Defendants "believe that plaintiffs [sic] response is sufficient" as to Klahr only based on the previous production of his September 2005 appraisal report. (Doc. 50, n. 1.)

3

Steele is anticipated to testify "[a]s owner, his opinion of the Center property." (*Id.*) Finally, Moore "[w]ill testify to his counseling of Chris Brown and his opinion as to the impact the treatment by the City of Maize and the Maize Police Department had on Chris Brown." (*Id.*) Plaintiffs provide no additional information regarding these witnesses.

The Court agrees with Defendants' conclusion that Plaintiffs' "continue to ignore the bulk of the information" sought by Interrogatory No. 2. (Doc. 64, at 2.) Fed.R.Civ.P. 33(b)(1) specifically states that "[e]ach interrogatory **shall** be answered separately and **fully** in writing under oath, unless it is objected to . . ." (Emphasis added.) As stated previously, Plaintiffs did not object to this discovery request. Even so, their interrogatory response does not discuss of the "substance" of these witnesses' facts and opinions. (Doc. 50-3, at 10.) Further, there is virtually no information regarding the basis of the witnesses' opinions,[2] other than a passing reference to Steele having been an owner and Moore having provided counseling. (*Id.*) Finally, there is no mention of the qualifications "that enable [the witnesses] to give such opinion(s)." (*Id.*) As such, Plaintiffs have not "fully" responded to this interrogatory.

---

[2] While Brown was deposed on October 25, 2007, and thus presumably gave some of the information requested by this interrogatory, Defendant is entitled to have the interrogatory answered in full. There is no claim that it would be unduly burdensome for Plaintiff to fully answer this interrogatory.

The Court finds Defendants' Interrogatory No. 2 to be appropriate and relevant on its face. The Court also finds Plaintiffs' response to be inadequate. As such, the Court **GRANTS** Defendants' motion to the extent it seeks a full and complete response to Interrogatory No. 2.

**B.    Interrogatory No. 3: Attorneys' Fees**.

Defendants' Interrogatory No. 3 seeks information supporting Plaintiffs' claim for attorneys' fees in the amount of $43,799.00. (Doc. 50-3, at 10.) Specifically, Defendants request that Plaintiffs "identify with particularity by date, time spent, attorney initials, description, dollar amount, and bates (page) number each and every attorney time entry from the attorney billing records that you contend is included in said total." (*Id.*) Plaintiffs respond only that they previously produced a set of documents that "was highlighted showing the amounts claimed." (*Id.*)

Plaintiffs' response to Interrogatory No. 3 (Doc. 50-3, at 10) and their responsive brief (Doc. 55) both ignore the fact that Defendants served Interrogatory No. 3 because of "apparent and significant inaccuracies" in the highlighted portions of the documents previously produced to Defendants. (*See* Doc. 50, at 2.) For instance, even though Plaintiffs seek less than $45,000.00 in

5

attorneys' fees, one of the legal bills produced to Defendants apparently includes a highlighted amount of $99,446.51. (Doc. 55-2, at 3.) When Defendants deposed individually-named Plaintiff Brown on October 25, 2007, he was unable to explain these discrepancies. (*Id*.) Thus, Defendants propounded Interrogatory No. 3, which was served on November 16, 2007. (Doc. 29.)

In their responsive memorandum, Plaintiffs contend that "Defendants take exception of the highlighting of bills but that was done by plaintiff to facilitate the review of the bills by the defendants rather than giving them all of the bills and not focus in on the areas that the plaintiffs felt were appropriate to be compensated." (Doc. 55, at 2.) The Court does not dispute Plaintiffs' explanation as to why the documents were highlighted. But Plaintiffs miss the point of Defendants' Interrogatory No. 3. Based on the Court's reading of the present motion, Defendants' are not "taking exception" with the fact that Plaintiffs highlighted the documents. Defendants are merely attempting to glean accurate supporting documentation for Plaintiffs' claim for attorneys' fees after receiving incorrect and/or inconclusive information from Plaintiffs on the issue.

The Court finds that Defendants' discovery request is relevant on its face. There is no claim that it would be unduly burdensome for Plaintiff to provide the detailed information concerning attorneys fees requested by this interrogatory.

Because Plaintiffs have provided no substantive argument as to why the request is inappropriate – or why their prior response was sufficient – the Court **GRANTS** Defendants' Motion to Compel to the extent it relates to Defendants' Interrogatory No. 3.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 49) is **GRANTED**. Full and complete answers to these two interrogatories shall be served not later than **March 21, 2008**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 11th day of March, 2008.

   s/  Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge