IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER K. BROWN,<br>PRESTIGE MANAGEMENT, LLC and<br>SEDGWICK PROPERTIES, LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITY OF MAIZE, KANSAS;<br>MAIZE POLICE DEPARTMENT;<br>MATT JENSBY; CATHY GRAY; and<br>CASSIE DOLEN,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-1178-JTM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference was held in this case on April 23, 2008, before the Honorable Donald W. Bostwick, United States Magistrate Judge. On April 28, 2008 (Dkt. No. 85), a pretrial order was entered and signed by United States District Judge J. Thomas Marten. The pretrial order was approved and signed by the attorney for the plaintiffs and the attorney for the defendants. On May 9, 2008, the defendants filed a motion for summary judgment (Dkt. No. 87). On June 27, 2008, the plaintiffs filed a motion for leave to amend the pretrial order to assert a liberty interest (Dkt. No. 96). On July 10, 2008, the defendants filed a memorandum in opposition to the plaintiffs' motion for leave to amend the pretrial order to assert a liberty interest (Dkt. No. 102).

Under Rule 16(e) of the Federal Rules of Civil Procedure, the pretrial order "shall be modified only to prevent manifest injustice." Fed.R.Civ.P. 16(e); *Burnette v. Dresser Indus., Inc.*, 849 F.2d 1277, 1282 (10th Cir.1988). A motion to amend the pretrial order is committed to the Court's sound discretion. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir.2000). Amendment is proper if the moving party shows that by exercise of diligence, "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline. *Masek Distrib., Inc. v. First State Bank & Trust Co.*, 908 F.Supp. 856, 858 (D.Kan.1995); see *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 419-20 (10th Cir.1993). "The burden of demonstrating manifest injustice falls upon the party moving for the modification." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000).

Plaintiffs have not demonstrated "manifest injustice" if the Court does not allow an amendment to the pretrial order. Plaintiffs have not established that the facts on which they based their motion did not exist or could not have been synthesized before the pretrial order. No new fact that is alleged by the plaintiffs. It is important to note that the defendants' request for summary judgment (Dkt. No. 87) was filed on May 9, 2008, but the plaintiffs did not request leave to file an amendment to the pretrial order until June 27, 2008. The defendants relied on the pretrial order in seeking summary judgment. The plaintiffs assert in their motion that it was a misstatement by counsel when he denied the right to claim a liberty interest. (Dkt. No.7 - page 3). The plaintiffs do not address the fact that there was adequate time to review and modify the pretrial order prior to its finality. The plaintiffs indicated approval and acceptance of the pretrial order by signature. (Dkt. No. 85). The plaintiffs only asserted that the denial of a liberty interest was incorrect after the defendants' motion for summary judgment.

The plaintiffs are unable to establish that failure to modify the pretrial order would result in manifest injustice.  The plaintiffs are unable to establish that their motion is based on new facts that did not exist or could not have been synthesized prior to the pretrial order.

IT IS ACCORDINGLY ORDERED THIS 16th day of October, 2008, that the plaintiffs' Motion to Amend (Dkt. No. 96) is denied.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE